UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ALDANA,<br><br>            Plaintiff,<br><br>    v.<br><br>GOVERNOR JERRY BROWN, et al.,<br><br>            Defendants.<br>_____ / | CASE NO. 1:11-cv-01288-MJS (PC)<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS DESIRE TO PROCEED ONLY ON HIS COGNIZABLE CLAIM<br><br>(ECF No. 1)<br><br>PLAINTIFF'S RESPONSE DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.  PROCEDURAL HISTORY**

On August 4, 2011, Plaintiff Ruben Aldana, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 4.)  Plaintiff's Complaint is now before the Court for screening.

**II.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.   SUMMARY OF COMPLAINT

The Complaint names the following individuals and entities as Defendants: (1) Jerry Brown, Governor; (2) City of Avenal; (3) Avenal State Prison (Avenal); (4) Michael Blackwell, Physicians Assistant, Avenal; (5) M. Boparai, Chief Physician, Avenal; (6) Ellen Greenman, Chief Medical Officer, Avenal; (7) Donald B. McElroy, CEO Health Care Services, Avenal; (8) J. Nay, Health Care Appeals Coordinator (HCAC); and (9) K. Peterson, HCAC.

Plaintiff alleges the following:

From 2000 until May 11, 2010, Plaintiff was considered to have a qualified disability as defined by the Americans with Disabilities Act (ADA) and was enrolled in a California

2

Department of Corrections and Rehabilitation (CDCR) program for disabled inmates. (Compl. at 8.) Plaintiff suffers from arthritis, headaches, cervical spine problems, lower back pain, chest pain, and immobility in his left hand. (Id. at 9.) His conditions are reflected in x-rays taken on October 2, 2000 and an MRI conducted on May 14, 2007. (Id. at 8.) Plaintiff was issued one year medical chrono in 2002 restricting him to a lower bunk in a bottom tier cell and limiting his movement and capacity to lift heavy objects. (Id. at 7.) He was also prescribed various medications. (Id. at 7, 8.)

Plaintiff filed a request for a light duty chrono on April 28, 2010, as the accommodations being provided were inadequate. The request was denied by Defendants Blackwell, Boparai, and Nay on May 11, 2010. (Id. at 9.) Plaintiff's medical records show that Blackwell determined that Plaintiff had no verified mobility disability and no duty limitations; he ordered Plaintiff removed from the disability program. (Id. at 31.) On April 27, 2011, Plaintiff renewed his accommodation request and was again denied. Defendants Blackwell, Boparai, Greenman, and McElroy elected to remove Plaintiff's disability status and Defendants Nay and Peterson approved the decision via the inmate appeal process. (Id. at 10, 12.) Plaintiff was relocated to a different yard and assigned a cell in an upper tier contrary to his 2002 chrono. (Id. at 10, 11.) Plaintiff suffers from having to walk the stairs to his cell. He has been removed from the disability program and receives no accommodation for his disability. (Id. at 11.)

The City of Avenal implemented a custom or policy of discrimination and inadequate supervision of Avenal and its employees. (Id. at 12, 13.)

Plaintiff asserts that the Defendants violated his Fourteenth Amendment right to equal protection and his rights afforded by the ADA.

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this

4

plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint makes no mention of Jerry Brown even though it names him as a Defendant. A defendant in a § 1983 action must be linked to the alleged violation with some affirmative act or omission. Jones, 297 F.3d at 934. The Court will grant Plaintiff leave to amend his complaint in this regard. In order to state a claim, Plaintiff needs to set forth sufficient facts showing that Governor Brown took some action that violated Plaintiff's constitutional rights.

**C.    Municipal Liability**

Plaintiff contends that the City of Avenal is responsible for the alleged violations because the City implemented a custom or policy of discrimination and inadequate supervision of Avenal State Prison and its employees. However, Avenal is a state prison and Plaintiff was in the custody of a state agency, the California Department of Corrections and Rehabilitation. The City of Avenal is not responsible for the state-run prison or its

employees. See Gonzalez v. City of Avenal, 2012 WL 787616, *3 (E.D. Cal. Mar. 9, 2012) (same).

### D. Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

A plaintiff may bring a claim under Title II of the ADA against state entities for injunctive relief and damages. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell, 303 F.3d at 1050-51. However, a plaintiff can not seek damages pursuant to the ADA against the defendants in their individual capacities. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). To the extent plaintiff seeks to pursue claims against any individual defendant for violations of the ADA, he may do so only with respect to seeking injunctive relief and only as to individual defendants he has named in

their official capacities. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187–88 (9th Cir. 2003) (Title II's statutory language does not prohibit injunctive action against state officials in their official capacities); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (plaintiffs seeking only prospective injunctive relief from defendants in their official capacities).

Plaintiff alleges that he is disabled and was denied a reasonably accessible cell at Avenal because of his disability. Defendants Blackwell, Boparai, Greenman, and McElroy denied Plaintiff's accommodation requests based on their conclusion that Plaintiff was not actually disabled. Medical records attached to the Complaint appear to support Plaintiff's conclusion that he suffers from chronic spine and back problems. Plaintiff alleges that these ailments are long-term and ongoing, Defendants determinations to the contrary notwithstanding. Plaintiff appealed to Defendants Nay and Peterson the decision to deny accommodation; the decision was upheld.

Taking Plaintiff's allegations as true, he has alleged that he is a qualified individual with a disability. An upper tier cell allegedly discriminates against Plaintiff because his spine and back problems hinder his ability to climb stairs. Plaintiff has adequately alleged a violation of his rights under the ADA.

### E. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. See, e.g., Lee

7

v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff has made no allegation that he is a member of a protected class or that the Defendants acted on the basis of his status as a member of a protected class; therefore, he may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).  To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

The Complaint concludes that the Defendants intentionally treated him differently from others similarly situated but does not explain how or why.  Also, Plaintiff attributes his equal protection claim to the Defendants generally without explaining how each Defendant participated in the alleged violation.

The Court will provide Plaintiff an opportunity to amend.  In order to state a cognizable Equal Protection claim, Plaintiff must allege that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.

## V.     CONCLUSION

Plaintiff's Complaint states a claim against Defendants Blackwell, Boparai, Greenman, McElroy, Nay, Peterson, and Avenal State Prison for the violation of Plaintiff's rights under the ADA, but does not state a claim against any of the remaining Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his cognizable claim, Plaintiff may so notify the Court in writing, and the Court will dismiss his other claims. Plaintiff will then be provided with a summons and USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Blackwell, Boparai, Greenman, McElroy, Nay, Peterson, and Avenal State Prison.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.  Within thirty (30) days, Plaintiff must either:

    a.  File an amended complaint curing the deficiencies identified by the Court in this order, OR

    b.  Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on his cognizable claim; and

3.  If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   January 30, 2013                /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE