UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ALDANA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOVERNOR JERRY BROWN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:11-cv-01288-MJS (PC)<br><br>ORDER TO SHOW CAUSE FOR FAILURE TO PROSECUTE<br><br><br>PLAINTIFF MUST SHOW CAUSE WITHIN FOURTEEN DAYS |

　　　Plaintiff Ruben Aldana is a former state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983.

　　　Plaintiff initiated this action on August 4, 2011. (ECF No. 1.) On February 14, 2013, the Court's January 31, 2013 order (directing Plaintiff to file an amended complaint or notify the Court of his desire to proceed only on his cognizable claim) was returned by the United States Postal Service as undeliverable to Plaintiff. More than sixty-three days have passed and Plaintiff has not provided the Court with a new address or otherwise responded.

　　　Pursuant to Local Rule 183(b), a party appearing in propria persona is required to

1

keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over sixty-three days have passed since the Court's January 31, 2013 order, directed to Plaintiff, was returned, and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor - public policy favoring disposition of cases on their merits - is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised

of his current address, no lesser sanction is feasible.

    Accordingly, Plaintiff is ORDERED to show cause not later than within fourteen days of entry of this order, as to why his case should not be dismissed for failure to prosecute. Plaintiff is hereby on notice that failure to meet this deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: May 7, 2013             /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE