UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ALDANA,<br><br>    Plaintiff,<br><br>    v.<br><br>GOVERNOR JERRY BROWN, et al.,<br><br>    Defendants. | CASE No. 1:11-cv-01288-MJS<br><br>ORDER NOTIFYING PLAINTIFF OF PREVIOUS DISMISSAL OF ACTION<br><br>(ECF Nos. 14 & 15) |

Plaintiff Ruben Aldana, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 4, 2011. (ECF No. 1.) The Court screened Plaintiff's Complaint on January 31, 2013, and directed Plaintiff to file an amended complaint or notify the Court, within thirty days, of his desire to proceed only on the one claim that the Court found to be cognizable. (ECF No. 10). That order was returned by the United States Postal Service as undeliverable.

On May 7, 2013, the Court Ordered Plaintiff to show cause why his case should not be dismissed for failure to prosecute. (ECF No. 11.) Plaintiff was to respond by May 21, 2013. (Id.) He did not respond at all until September 5, 2013, when he filed a notice of change of address and asked to be updated on the status of the case. (ECF No. 14.)

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule

1

183(b provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days passed after Plaintiff's mail was returned undeliverable without him notifying the Court of his correct address. Indeed, another several months passed without Plaintiff correcting his address or otherwise contacting the Court. The Court thereupon properly dismissed Plaintiff's action, without prejudice, on June 3, 2013. (ECF No. 12.) Nothing more was heard from Plaintiff until some eight months after the Court's January Order and, apparently, some eight months after Plaintiff's address was changed without notice to the Court. While some delay in pro se cases can be forgiven, Plaintiff has exceeded all reasonable time limits for fulfilling his obligations as a litigant. The Court's administration of justice and its very heavy caseload cannot indulge such indifference.

So, in response to Plaintiff's September 5, 2013 and October 15, 2013, notices of change of address and requests for a status update (ECF Nos. 14 & 15), the Court advises: this action has been dismissed and Plaintiff's case closed for the reasons stated above; the dismissal was without prejudice, so Plaintiff is not foreclosed from re-filing his claims in a new action if applicable statutes of limitation remain unexpired.

IT IS SO ORDERED.

Dated:   October 28, 2013            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE